IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE MICHELLE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 3:12-CV-594-TMH |
| | )                [WO] |
| CHAMBERS COUNTY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Chambers County Jail located in LaFayette, Alabama, files this 42 U.S.C. § 1983 complaint alleging that rights, privileges, or immunities afforded her under the Constitution or laws of the United States were abridged because of she has been subjected to double jeopardy. Plaintiff names as defendants Chambers County, Alabama, Patty McGirer, and Judge Young.

The court has carefully reviewed the allegations contained in Plaintiff's complaint. From that review, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

### I. DISCUSSION

Plaintiff files the instant action claiming that Defendant McGirer, unhappy with a sentence meted out to Plaintiff by Judge Young on September 20, 2010 for a probation violation and a 1999 drug court case, took it upon herself to issue a "failure to appear" warrant on a case which had previously been dismissed against Plaintiff and to also re-sentence Plaintiff on the 1999 drug case. Plaintiff complains that Defendant McGirer's conduct in re-sentencing her violates her right against double jeopardy. Plaintiff requests that her paperwork be fixed and that she be released from jail. (*Doc. No. 1*.)

Plaintiff's attempt to challenge her state court conviction(s) and/or the sentence(s) imposed as a result of that judgment through the filing of a civil rights lawsuit under 42 U.S.C. § 1983 is not an appropriate remedy. Where a prisoner is challenging the very fact or duration of her physical imprisonment and the relief sought is a determination that she is entitled to immediate release or a speedier release from that imprisonment, the inmate's federal remedy is by way of a writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement). Further, § 1983 may not be used to challenge the fact of a plaintiff's state court criminal conviction and/or sentence. Rather, the proper vehicle for mounting such a challenge would be the filing of a petition under 28 U.S.C. § 2254.

In filing this action, Plaintiff seeks as relief her release from custody. The core of her claims concern matters related to the validity and the legality of her current confinement.

When the effect of granting equitable relief under the civil rights statute would be to substitute a § 1983 action for a federal writ of habeas corpus challenging the basis for ongoing detention or for a petition pursuant to § 2254 to attack a state court conviction and/or sentence, a prisoner fails to state a claim under § 1983. *See Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989); *Preiser*, 411 U.S. at 500. A plaintiff, therefore, cannot seek declaratory or injunctive relief relating to her confinement and/or conviction in a § 1983 action.[2] *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997)*; Heck v. Humphrey,* 512 U.S. 477, 483-89 (1994); *Preiser*, 411 U.S. at 500; *St. Germaine v. Isenhower*, 98 F. Supp.2d 1366, 1373(S.D. Fla. 2000).

In light of the foregoing, the court concludes that Plaintiff's complaint is due to be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's challenge to the validity of her conviction(s) and/or sentence(s) entered

---

[2] Compensatory and punitive damages are available in a 42 U.S.C. § 1983 action but not by way of a writ of habeas corpus or a § 2254 petition. To recover damages for an allegedly unconstitutional confinement in a civil rights action, a plaintiff must prove that her conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. 486-87.

[3] The court notes that even if Plaintiff's complaint was properly before the court, her claims against Chambers County, Alabama, and Judge Young would be subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and/or (iii). *See Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 690-91 (1978); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995); *see also Stump v. Sparkman*, 435 U.S. 349 (1978) (state judge absolutely immune from civil liability for acts taken pursuant to his judicial authority);

against her by the Circuit Court for Chambers County, Alabama, be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii); and

2. The complaint be DISMISSED prior to service of process.

It is further

ORDERED that on or before **August 1, 2012** Plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 18th day of July 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE